"On June 10, 1977, plaintiffs filed suit in this court, alleging that from 1965 to June 11,1971, they satisfactorily performed transportation services for the Post Office, an agency of the United States, under a number of contracts and agreements. They also alleged that on or about June 11, 1971, the defendant wrongfully cancelled these contracts without any proper justification. Damages in the amount of $5,000,000 are sought.
"On the same day, June 10, 1977, plaintiffs filed a separate action in the United States District Court for the Eastern District of New York against the United States *440 and the Postal Service. Michael Frunzi, et al v. United States and United States Postal Service (E.D.N.Y.), Civil Action No. 77C1220. Count one of that complaint is substantially identical with the petition filed in this court, while count two alleged a breach by the Postal Service of a 1974 contract, leading to $500,000 in damages.
"The Government has moved to dismiss the petition here on the ground that, in view of the other action, we are deprived of jurisdiction by 28 U.S.C. § 1500. Plaintiffs have failed to respond to the defendant’s motion.
"The Government is correct. Count one of the action in the Eastern District of New York is based on the very same claim as the petition simultaneously filed here. There seems little doubt that that court has jurisdiction of this claim insofar as the Postal Service is a defendant (39 U.S.C. §§ 401, 409(a)), and accordingly that 28 U.S.C. § 1500 is directly involved. If it turns out that the Postal-Service is not liable on the District Court claim, but that the United States may be liable, that suit can be transferred here under 28 U.S.C. § 1406(c).
"it is therefore ordered and concluded that the defendant’s motion to dismiss under 28 U.S.C. § 1500 is granted and the petition is dismissed.”